CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

February 8, 2018

LETTER TO COUNSEL:

      RE:   *Mark Thomas v. Nancy A. Berryhill, Acting Commissioner of Social Security*
              Civil No. TJS-17-0725

Dear Counsel:

On March 16, 2017, the Plaintiff, Mark Thomas ("Mr. Thomas"), petitioned this Court to review the Social Security Administration's final decision to deny his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (ECF No. 1.) The parties have filed cross-motions for summary judgment. (ECF Nos. 15 & 18.) These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301. I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand the case for further proceedings. This letter explains my rationale.

Mr. Thomas applied for DIB and SSI on January 17, 2013. (Tr. 143-52.) He alleged disability beginning on December 3, 2012, and later amended the alleged onset date to December 18, 2013. (*Id.*, Tr. 213) His applications were denied initially and on reconsideration. (Tr. 113-117, 118-122.) A hearing was held before an Administrative Law Judge ("ALJ") on September 3, 2015. (Tr. 36-68.) On October 9, 2015, the ALJ determined that Mr. Thomas was not disabled under the Social Security Act. (Tr. 11-25.) On January 25, 2017, the Appeals Council denied Mr. Thomas's request for review, making the ALJ's decision the final, reviewable decision of the agency. (Tr. 1-7.)

The ALJ evaluated Mr. Thomas's claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that Mr. Thomas was not engaged in substantial gainful activity, and had not been engaged in substantial gainful activity since December 18, 2013. (Tr. 13.) At step two, the ALJ found that Mr. Thomas suffered from the severe impairment of depression. (*Id.*) At step three, the ALJ found that Mr. Thomas's impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). (Tr. 16.) The ALJ determined that Mr. Thomas retained the RFC

to perform a full range of work at all exertional levels but with the following nonexertional limitations: work limited to simple, routine tasks with occasional interaction with co-workers, supervisors, or the public.

(Tr. 18.)

At step four, after considering the testimony of a vocational expert, the ALJ determined that Mr. Thomas was unable to perform past relevant work in telemarketing. (Tr. 23.) At step five, the burden shifts to the Acting Commissioner to show that there are other jobs in the significant numbers in the national economy that Mr. Thomas can perform that are consistent with his RFC. (Tr. 24.) The ALJ credited the testimony of a vocational expert and found that given Mr. Thomas's "age, education, work experience and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [he] can perform," including hand packager, garment sorter, and assembler. (*Id.*) Therefore, the ALJ found that Mr. Thomas was not disabled under the Social Security Act. (Tr. 25.)

Mr. Thomas raises three arguments on appeal. First, he argues that the ALJ's finding that he has moderate limitations in maintaining concentration, persistence or pace is at odds with her RFC assessment. Second, he argues that the ALJ's findings regarding his moderate limitations in social functioning are not reflected in her RFC assessment. Third, he argues that the ALJ failed to appropriately classify and consider his physical impairments as severe. For the reasons set forth below, I find that the ALJ's RFC assessment is flawed and will remand the case for further proceedings.

Mr. Thomas argues that the ALJ's RFC assessment is improperly reasoned, inadequately explained, and unsupported by substantial evidence. In support of this argument, Mr. Thomas relies on *Mascio*, 780 F.3d 632. In *Mascio*, the court held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). This is because "the ability to perform simple tasks differs from the ability to stay on task." *Id.* Where an ALJ finds that a claimant has limitations in concentration, persistence, and pace, the ALJ is required to incorporate these limitations into the claimant's RFC or explain why they do not "translate into [such] a limitation." *Id.*

In this case, the ALJ discussed Mr. Thomas's limitations in concentration, persistence, and pace in her step two analysis. (Tr. 17.) The ALJ stated that "[w]ith regard to concentration, persistence or pace, the claimant has moderate difficulties." (*Id.*) In connection with her step three analysis, the ALJ noted that Mr. Thomas "has evidence of at least four specified symptoms of depression—sleep issues, feeling of hopelessness, poor concentration, and decreased energy." (Tr. 16.) The ALJ noted Mr. Thomas's testimony that "he has trouble concentrating and cannot complete tasks such as housework." (Tr. 17.) At the same time, the ALJ found that Mr. Thomas is able to "handle his finances, watch television, and use the internet." (*Id.*) The ALJ credited the findings of the State agency psychiatric consultant that Mr. Thomas had moderate difficulties in maintaining concentration, persistence, or pace. (Tr. 17.) In addition to the evidence cited by the ALJ in her written decision, there is other evidence in the record that Mr. Thomas has at least

moderate difficulties with regard to concentration, persistence, and pace. (*See, e.g.* Tr. 238 ("Can't concentrate or focus"), 255 ("Lack of focus due to depression, thoughts of worthlessness"), 364 (noting Mr. Thomas's report that his concentration and motivation is "not good").)

The ALJ's RFC assessment does not account for Mr. Thomas's moderate limitations with regard to concentration, persistence, and pace. Although it limits Mr. Thomas to performing "simple and routine tasks," this limitation does not account for his moderate limitations in concentration, persistence, and pace. *See Mascio*, 780 F.3d at 638. If Mr. Thomas has moderate limitations in these areas, a limitation that he only be required to perform "simple and routine tasks" would be insufficient to accommodate the limitations. Mr. Thomas might be able to perform simple and routine tasks for a few minutes, but he might be unable to sustain his performance much beyond that. And his ability to "handle his finances, watch television, and use the internet" does not really reflect his abilities to maintain concentration, persistence, and pace. With regard to his finances, Mr. Thomas described during his testimony that most of his bills are paid for him with vouchers. And although he survives on a meager income from cash assistance, his financial situation is not so complex that handling his finances would require significant or sustained concentration. Regarding Mr. Thomas' abilities to watch television and use the internet, these are largely passive activities that have little in common with performing full-time work. Based on the record, the Court is unable to find that the ALJ's RFC assessment is an accurate characterization of Mr. Thomas's ability to do sustained work-related physical and mental activities in a work setting on a *regular and continuing basis*. SSR 96–8p, 1996 WL 374184 (S.S.A. July 2, 1996).

The Commissioner implicitly concedes that the ALJ erred in her evaluation of Mr. Thomas's ability to maintain concentration, persistence, or pace, but suggests that any such error is harmless. (ECF No. 18-1 at 5.) It may be that the error is harmless, but the ALJ's written decision is insufficient to permit adequate review. Because the ALJ's RFC does not account for all of Mr. Thomas's limitations, the Court cannot find that the RFC provides an accurate description of the work that he is able to do on a regular and continuing basis. In light of the Fourth Circuit's clear guidance in *Mascio*, this case must be remanded so that the ALJ can explain how Mr. Thomas's limitations in the areas of concentration, persistence, and pace can be incorporated into the RFC assessment, or why no additional limitation is necessary to account for these difficulties. *See Miles v. Comm'r*, No. SAG-16-1397, 2016 WL 6901985, at *2 (D. Md. Nov. 23, 2016) (finding that because there was no "corresponding restriction for the finding of moderate difficulties in concentration, persistence, or pace, such that it addresses [the claimant's] ability to sustain work throughout an eight-hour workday," the Court was "unable to ascertain from the ALJ's decision the reason for the finding of moderate, as opposed to mild or no, limitation in the area of concentration, persistence, or pace."); *see also Folsom v. Berryhill*, No. TMD-16-1681, 2017 WL 4354875, at *3 (D. Md. Sept. 30, 2017) (finding that an ALJ's failure to explain how a claimant's concentration could persist through an eight-hour workday required remand because such an error "precludes meaningful review"); *Thomas v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-1229, 2017 WL 1193990, at *2 (D. Md. Mar. 29, 2017) (declining to consider whether an error might be harmless where an ALJ's "RFC analysis did not specifically address [a claimant's] ability to sustain concentration" despite findings that he had "moderate limitations in sustained concentration and persistence"). The Court makes no finding as to the

merits of the ALJ's ultimate conclusion that Mr. Thomas is not disabled.

For the reasons set forth herein, both parties' motions for summary judgment (ECF Nos. 15 & 18) are **DENIED**.[1] Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge

---

[1] In light of the Court's decision to remand this matter, the Court declines to address Mr. Thomas's remaining claims of error.